FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRISHA ROBBIE W.,[1]<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[2]<br><br>Defendant. | No. 1:21-CV-03046-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by Justin Martin and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~1

for Summary Judgment, ECF No. 17 and denies Defendant's Motion for Summary Judgment, ECF No. 18.

### I. Jurisdiction

On September 27, 2018, Plaintiff filed an application for concurrent disability insurance and supplemental security income. She alleged disability beginning July 11, 2017.

Plaintiff's application was denied initially and on reconsideration. On March 11, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On March 12, 2020, Plaintiff appeared and testified at a video hearing before ALJ Elizabeth Watson. She was represented by attorneys D. James Tree and Robert Tree. Carrie L. Guthrie-Whitlow, vocational expert, also participated. The ALJ issued a decision on April 28, 2020, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on January 22, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on March 22, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

### II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~2

education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~3

capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~4

*Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

      For claims filed on or after March 27, 2017,[3] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v)

---

[3] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~5

examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

### IV.   Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff was born in 1985. She has a high school diploma and some college

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~6

credit. She has two children. In 2012, she suffered a concussion after a 12-foot fall from a balcony and she still has residual effects from the resulting traumatic brain injury. The record indicates she is not safe to cook, and she has accidentally set fires by putting things on heaters and not properly caring for cigarettes. AR 591-92. The Long-Term Care Services assessment from 2019 found that, if left alone, she will sleep all day, neglect herself, and not take medications, among other findings. AR 592. Williamson also has severe bipolar disorder and has been in medication and counseling services throughout the relevant period with numerous changes to her medication due to lack of efficacy or side effects. Her mother, who is allotted 84 caregiving hours from the State of Washington, manages her medication distribution. Her mother also has power of attorney and manages Plaintiff's money. Her mother assists her in caring for her children.

The most recent State evaluation found Plaintiff needed help with appointments, was not safe to cook, needed cues for activities, needed medication dispensed, did not always pick appropriate clothing, would be confused by too many choices, needed cues for personal hygiene, needed cues to assist with housework, and had difficulty understanding how to prepare meals. AR 586-600.

Plaintiff has attempted to enroll in vocational programs, but she has failed to complete any of them.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 18-29. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 27, 2018, the application date. AR 20.

At step two, the ALJ identified the following severe impairments: bi-polar disorder, residual effects of traumatic brain injury (TBI) and asthma. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21. Specifically, the ALJ found that Plaintiff did not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~7**

meet the listing 3.03A; 12.02 and 12.04. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> A full range of work at all exertional levels but with the following nonexertional limitations: she must avoid concentrated exposure to fumes, odors, dusts, gases, and poorly ventilated areas. She is limited to understanding and carrying out simple instructions consistent with reasoning level one or two. She can have no more than occasional contact with coworkers and supervisors, and no contact with the general public.

AR at 20.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 28.

At step five, the ALJ found that Plaintiff was not disabled and was capable of performing work that exists in significant numbers in the national economy, including final assembler, hand packager, and garment folder. AR 29.

### VI. Issues for Review

1. Whether the ALJ properly assessed Plaintiff's testimony.
2. Whether the ALJ properly assessed the medical opinions.
3. Whether the ALJ properly assessed the lay witness evidence.

### VII. Discussion

**1. Whether the ALJ properly assessed Plaintiff's testimony**

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8**

standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted).

The ALJ did not fully credit Plaintiff's testimony for the following reasons: (1) while Plaintiff had a period of decompensation in 2019 when she stopped taking her medications, for much of the relevant period she had generally good response to treatment; and (2) Plaintiff had a "somewhat normal level of daily activity and interaction." Neither of these reasons are supported by the record and therefore the ALJ failed to provide specific, clear and convincing reasons for finding Plaintiff's testimony less than credible.

First, the record amply demonstrates that Plaintiff had numerous abnormal mental health findings, while continually trying different medications and doses while combating their side effects. Second, the record does not support a finding that Plaintiff had a somewhat normal level of daily activity and interaction. It is clear she is not able to manage a household, care for her children, successfully complete vocational programs and adhere to treatment. There is nothing in the record to suggest that Plaintiff exhibited skills that could transfer to full-time work.

### 2. Whether the ALJ properly assessed the medical opinions

Here, the State agency sources did not offer specific functional assessments of Plaintiff's psychological limitations. As such, Dr. Mansfield-Blair's and PA-C McLagan's opinions are uncontradicted.

#### a. Dr. Mansfield-Blair

The ALJ considered Dr. Mansfield-Blair's opinion "somewhat persuasive" because it was supported by this source's "thorough mental status examination," and it was generally consistent with the record, but discounted the opinion on the basis it was "vague" and did not include "specific function-by-function abilities and limitations in vocationally relevant terms." AR

When Dr. Mansfield-Blair assessed Plaintiff in July 2019, she found Plaintiff had a history of hallucinations and delusions and paranoia, a prior suicide

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~9**

attempt, was lonely and depressed, was dysthymic, had a constricted affect, was limited in digit-span tests, could not spell "world" backwards, could not do serial 7s or 3s, did not know the Governor or border states, and had 1/3 recall. AR 577-78. She concluded that Plaintiff would have difficulty accepting supervisor instruction, performing tasks without special or added instruction, maintaining regular attendance, completing a normal workday or week and dealing with the usual stress encountered in the workplace. AR 579.

Notably, Dr. Mansfield-Blair concluded that Plaintiff would have difficulty dealing with the usual stress encountered in the workplace because Dr. Mansfield-Blair noted that during the interview Plaintiff "exhibited a minimally adequate level of distress tolerance skill." AR 580.

The ALJ erred in finding Dr. Mansfield-Blair's opinion only "somewhat" persuasive. Dr. Mansfield-Blair's opinion meets the requirements of both supportability and consistency. The ALJ's conclusion that the opinion was "vague" is not supported by the record. Dr. Mansfield-Blair provided specific reasons for her conclusions, for example, she relied on Plaintiff's employment history to concluded that she would have difficulty interacting with coworkers and the public, and that she would have difficulty performing detailed and complex tasks, given her performance on memory tasks and a Law Average to Borderline Intellectual Functioning range.

    **b. L. McLagan, PA-C**

The ALJ found Lynette McLagan's opinion only "moderately persuasive" because the treatment records "show generally mild or moderate symptoms" and this report only reflected Plaintiff's most recent manic episode. AR 27.

Ms. McLagan, who is a PA-C, began treating Plaintiff in 2019. In January 2020, she concluded that Plaintiff had numerous limitation that had existed since at least September 1, 2018, including moderate limitations (inability to perform the activity 20-33% of the time) in completing a normal workday or week, and marked

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~10

limitations (inability to perform the activity more than 33% of the time) in maintaining attendance, being punctual, and sustaining an ordinary routine without special supervision. AR 731-32. She also found that Plaintiff met paragraph "C" criteria of the Listings, would be off-task over 30%, and would miss 4 or more days per month. AR 733. She narratively explained that Plaintiff "would not do well with a structured, routine work schedule." AR 734.

The ALJ erred in finding Ms. McLagan's opinions only moderately persuasive because the record demonstrates that her opinions are consistent with her treatment records and supported by those records. Ms. McLagan noted that Plaintiff has periods of persistent sad and depressed mood with associated decreases in energy, motivation and concentration. AR 734. Ms. McLagan was treating Plaintiff and understood her mental health challenges. She noted that Plaintiff experiences episodes of increased anger and irritability, decreased sleep, racing thoughts, increased speech and a propensity towards argumentativeness. AR 734. Additionally, the ALJ erred in failing to acknowledge that McLagan opined that Plaintiff met the Listings, specifically criteria C. Notably, this conclusion was not only the opinion of PA-C McLagan, but was the opinion of the entire treatment team, which included at least one M.D. or Ph.D. Thus, the ALJ erred in finding that no treating or examining source had indicated findings that Plaintiff's impairments individually meet or in combination equaled the severity of any listed impairment.

**VIII. Conclusion**

The ALJ erred in failing to give sufficient reasons to discount the uncontroverted opinions of Dr. Mansfield-Blain and PA-C McLagan, which both found disabling limitations. Both opinions are consistent with and supported by the record. Both opinions support the conclusion that Plaintiff is disabled. Additionally, Plaintiff's mother and caregiver's function report support a finding of disability, and the ALJ erred in presumably ignoring the report in making her

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 11

assessment. Finally, the reasons given by the ALJ for not fully crediting Plaintiff's testimony are not supported by the record. Given that the record is fully developed and supports a finding of disability, it is not necessary to remand for additional proceedings.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for an award of immediate benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

5. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the District Court Executive is directed to substitute Kilolo Kijakazi for Andrew Saul.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 30th day of December 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~12